**MINNESOTA CHAMBER OF COMMERCE & INDUSTRY; Employers Association, Inc.; Independent Business Association of Minnesota; and Twin West Chamber of Commerce, Plaintiffs,**

v.

**Michael A. HATCH, Commissioner of Commerce, State of Minnesota, Thomas J. Triplett, Commissioner of Revenue, State of Minnesota, Defendant.**

No. CIVIL 4–87–707.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 29, 1987.

Scott W. Johnson, Faegre & Benson, Minneapolis, Minn., and Mark S. Anderson, General Counsel, Minnesota Chamber of Commerce & Industry, St. Paul, Minn., for plaintiffs.

John C. Bjork, Sp. Asst. Atty. Gen., St. Paul, Minn.. for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendants' motion to dismiss Counts II and III, plaintiffs' motion for summary judgment and defendants' cross motion for summary judgment.

## FACTS [1]

During the summer of 1986, two large employers in northern Minnesota, Erie Min-

---

1. This section incorporates the stipulation of facts entered into by the parties.

ing Company and Reserve Mining Company, filed petitions for bankruptcy. As a result of these bankruptcies, the two companies discontinued health insurance coverage for their employees and retirees that the companies had previously provided through plans of self-insurance.[2] The ensuing hardship suffered by many Minnesota residents prompted the Minnesota Legislature to enact Minn.Stat. § 62A.29. Section 62A.29 provides that any employer

> who provides a health benefit plan to its Minnesota employees, which is to some extent self-insured by the employer, and who purchases stop-loss insurance coverage, or any other insurance coverage, in connection with the health benefit plan, shall annually file with the commissioner ... security acceptable to the commissioner ... or a surety bond ... [in an amount] equal to one-fourth of the projected annual medical and hospital expenses to be incurred by the employer or $1,000, whichever is greater, with respect to its Minnesota employees by reason of the portion of the employer's health benefit plan which is self-insured by the employer.

Section 62A.29 further provides that "the commissioner of revenue shall deny any business tax deduction to an employer for the employer's contribution to a health plan for the period which the employer fails to comply with this section." This statute would allow an employee to file a claim for unpaid medical benefits against the employer's security or surety bond and thus obtain relief despite employer bankruptcy.

Plaintiffs are associations whose members are employers who provide health benefit plans to their Minnesota employees, whose plans are partially self-insured health benefit plans which purchase stop-loss or other insurance coverage in connection with the plans, and who are subject to section 62A.29. Plaintiff Minnesota Chamber of Commerce and Industry (the Minnesota Chamber) is a Minnesota not-for-profit

corporation with its principal place of business in St. Paul, Minnesota. The Minnesota Chamber is an association comprising non-governmental Minnesota employers, local chambers of commerce and trade association members. The Minnesota Chamber advises its members on state and federal legislation and judicial developments of interest to the business community, represents its members before the Minnesota Legislature, and engages in litigation to protect its members' interests. Plaintiff Employers Association, Inc. (the Employers Association) is a Minnesota not-for-profit corporation with its principal place of business in Minneapolis, Minnesota. The Employers Association is an association comprising Minnesota and other employer members. Plaintiff Independent Business Association of Minnesota (IBAM) is a Minnesota not-for-profit corporation with its principal place of business in Bloomington, Minnesota. IBAM is an association comprising Minnesota employer members. Plaintiff Twin West Chamber of Commerce (the Twin West) is a Minnesota not-for-profit corporation with its principal place of business in Minnetonka, Minnesota. Twin West is an association comprising employer members in Crystal, Golden Valley, Hopkins, Medicine Lake, Minnetonka, New Hope, Plymouth and St. Louis Park, Minnesota.

Defendant Michael A. Hatch is Commissioner of Commerce for the State of Minnesota. As commissioner, Hatch is responsible for accepting surety bonds required by section 62A.29 for filing, and for determining whether other security offered by an employer is acceptable under section 62A.29. Defendant Thomas J. Triplett is Commissioner of Revenue for the State of Minnesota. As commissioner, Triplett is required by section 62A.29 to deny any business tax deduction to an employer for the employer's contribution to a health plan for any period during which the employer did not file an approved surety bond or

---

**2.** In the context of this case, self-insurance refers to a method of providing health benefits to employees whereby the employer, instead of purchasing insurance contracts to cover medical expenses incurred by employees, pays health benefit costs directly out of company assets or out of a trust specially designed for this purpose. Employers utilizing self-insurance often protect themselves from catastrophic losses by purchasing stop-loss insurance.

other approved security with the commissioner of commerce.

Minn.Stat. § 62A.29 became law on June 1, 1987, and has an effective date of August 1, 1987. In Count I of their complaint, plaintiffs allege that section 62A.29 is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* In Counts II and III plaintiffs further allege that section 62A.28 violates Article 3, Section 1 and Article 10, Section 1 of the Minnesota Constitution. Plaintiffs thus seek a declaration that section 62A.29 is invalid and further seek injunctive relief prohibiting its enforcement. Defendants move the Court for dismissal of Counts II and III, arguing that the eleventh amendment of the United States Constitution precludes a federal court from exercising jurisdiction over claims against state officials for violation of *state* law. Plaintiffs virtually concede the eleventh amendment issue, but move the Court for summary judgment on the issue of ERISA preemption. Jurisdiction is proper under 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

**DISCUSSION**

A movant is not entitled to summary judgment unless the movant can show that no genuine issue exists as to any material fact. Fed.R.Civ.P. 56(c). In considering a summary judgment motion, a court must determine whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The role of a court is not to weigh the evidence but instead to determine whether, as a matter of law, a genuine factual conflict exists. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). In making this determination, the Court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the facts. *AgriStor Leasing,* at 734. When a motion for summary judgment is properly made and supported with affidavits or other evidence as provided in Fed.R.Civ.P. 56(c), then the nonmoving party may not merely rest upon the allegations or denials of the party's pleading, but must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.,* 824 F.2d 582, 585 (8th Cir.1987). Moreover, summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In the case at bar, the parties agree that no issues of material fact remain in dispute. Thus it is left to the Court to determine the legal sufficiency of plaintiff's claims.

**I. ERISA Preemption**

The federal Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* comprehensively regulates employee pension and welfare plans. Title 29 U.S.C. § 1002(1) defines an employee welfare benefit plan as one through which an employer provides employees "through the purchase of insurance or otherwise" with "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." The parties agree that plaintiffs' members provide health benefit plans to their employees that are subject to ERISA. *See* Stipulation of Facts at 2, par. 5. The Court therefore need only determine whether Minn.Stat. § 62A.29, which places a burden on these plan providers, is preempted by the provisions of ERISA.

ERISA contains three provisions which define the scope of federal preemption in the area of health benefit plans. The first provision, contained in 29 U.S.C. § 1144(a), states that "[e]xcept as provided in subsection (b) of this section [the insurance saving clause], the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....*" (Emphasis added.) Title 29 U.S.C. § 1144(b)(2)(A),

the insurance saving clause, provides an exception to the broad preemption described in section 1144(a). Section 1144(b)(2)(A) states that "[e]xcept as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." The insurance saving clause is in turn modified by the deemer clause contained in 29 U.S.C. § 1144(b)(2)(B) which provides that

> [n]either an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company.

Therefore, under the above-quoted provisions, any state law that "relates to" an employee benefit plan is preempted. The insurance saving clause, however, preserves state laws that "regulate insurance." Still, a state law that "purports to regulate insurance" cannot deem an employee benefit plan to be an insurance provider.

Cases interpreting ERISA's preemption clauses and the legislative history of the statute suggest the broad scope of ERISA preemption. The Supreme Court has observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Insurance Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), *quoting Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), the Supreme Court noted that "[t]he bill that became ERISA originally contained a limited preemption clause, applicable only to state laws relating to specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that section's preemptive scope was as broad as its language." (Citations omitted.) The sponsors of ERISA also stressed the breadth and importance of the preemp-

tion provisions. For example, Representative Dent stated:

> Finally I wish to make note of what is to many the crowning achievement of this legislation, the reservation to Federal authority the sole power to regulate the field of employee benefit plans. With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulation.

120 Cong.Rec. 29197 (1974). Keeping in mind the broad scope of ERISA preemption, the Court must move to a step-by-step analysis of the ERISA preemption provisions to determine whether Minn.Stat. § 62A.29 survives.

First, the Court must determine whether Minn.Stat. § 62A.29 "relates to" employee benefit plans. The Supreme Court has given the phrase "relate to" its "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), *quoting Shaw,* 463 U.S. at 97, 103 S.Ct. at 2900. The Supreme Court further has said that "even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern." *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907. The plain language of Minn.Stat. § 62A.29 clearly indicates that the statute relates to employee benefit plans. Section 62A.29 by its terms applies to "[a]ny employer ... who provides a health benefit plan to its Minnesota employees." The statute thus plainly refers to benefit plans and seeks to exercise state control over their administration. Section 62A.29 bears substantially on plan providers who are required under the new law to provide security or purchase a surety bond. Under section 62A.29, employers may petition the state for a reduction in the amount of security required. However, while this may lessen the financial burden on employers, it increases the complexity and cost associated with plan administration. In enacting ERISA's preemption pro-

visions, Congress intended to prevent the establishment of "[a] patchwork scheme of regulation [which] would introduce considerable inefficiencies in benefit program operation." *Fort Halifax Packing Co. v. Coyne*, ⸺ U.S. ⸺, 107 S.Ct. 2211, 2217, 96 L.Ed.2d 1 (1987).

Defendants contend that *Fort Halifax* controls the result in the case at bar. The Court finds defendants' reliance on *Fort Halifax* to be misplaced. In *Fort Halifax*, 107 S.Ct. 2211, 2223, the Supreme Court held that a Maine statute that required employers to make a one-time severance payment upon plant closings to employees who were not already covered by severance plans was not preempted by ERISA. The Court held that the statute did not attempt to regulate existing severance pay plans or employers maintaining such plans. Rather, the Court found that the severance payment required by the statute was merely an employee benefit. The Court thus held that because ERISA's preemption provisions apply only to state laws affecting plans, the Maine statute was excepted from preemption. In contrast, the statute at issue in the case at bar does not merely create an employee benefit but rather regulates employers maintaining existing benefit plans. Plaintiffs correctly assert that the bonding requirement of section 62A.29 does not create a benefit but instead provides security for existing benefits provided under ERISA–regulated plans. As such, the statute encroaches on ERISA's exclusive federal area of concern.

Further, Minn.Stat. § 62A.29, unlike the statute at issue in *Fort Halifax*, both imposes an administrative burden on employers and implicates the regulatory concerns of ERISA. Under Minn.Stat. § 62A.29, employers must satisfy filing requirements that increase the administrative burden of plan providers. The Supreme Court in *Fort Halifax*, 107 S.Ct. at 2216–19, expressly held that the ERISA preemption provisions were intended to protect employers from added administrative complexity. In excepting the Maine law at issue from preemption, the Court in *Fort Halifax* relied in part on the fact that the law did not implicate the regulatory concerns of

ERISA. *Id.* at 2219. Minn.Stat. § 62A.29, however, by attempting to insure that employers fulfill their fiduciary obligations with regard to benefit plans, does implicate the regulatory concerns of ERISA. As stated in *Fort Halifax*, ERISA was intended to "prevent abuses of the special responsibilities borne by those dealing with plans." *Id.* at 2219, *quoting* 120 Cong.Rec. 29197 (1974) (statement of Rep. Dent). Minn.Stat. § 62A.29 clearly attempts to regulate employers' fiduciary responsibilities. The Court thus finds *Fort Halifax* to be distinct from the case at bar. Accordingly, the Court finds that Minn.Stat. § 62A.29 "relates to" plans governed by ERISA and is subject to preemption.

■ The foregoing analysis demonstrates that Minn.Stat. 62A.29 relates to plans covered by ERISA and is thus preempted by 28 U.S.C. § 1144(a). The Court's analysis, however, must not stop here. Instead, the Court must determine whether the state law in question is excepted from preemption pursuant to the insurance saving clause contained in 29 U.S.C. § 1144(b)(2)(A). The Supreme Court has set forth a two-step analysis for determining whether a state law escapes preemption via the insurance saving clause. *See Pilot Life*, 107 S.Ct. 1549; *Metropolitan Life*, 105 S.Ct. 2380. The first step of that analysis requires a court to apply a " 'common-sense view' " of the language of the saving clause itself. *Pilot Life*, 107 S.Ct. at 1553, *quoting Metropolitan Life*, 105 S.Ct. at 2390. According to the Supreme Court, a common-sense view of the insurance savings clause "lead[s] to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but be specifically directed toward that industry." *Pilot Life*, 107 S.Ct. at 1554. The second step in the analysis requires a court to apply three criteria which courts have used in interpreting the McCarran–Ferguson Act to determine whether a particular practice falls within that act's reference to the "business of insurance." Those three factors are: (1) whether the practice has the effect of transferring or spreading a policyholder's

risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Metropolitan Life,* 105 S.Ct. at 2391.

Applying the two-step analysis described above, the Court finds that Minn.Stat. § 62A.28 is not a law regulating insurance and thus is not protected from preemption by 29 U.S.C. § 1144(b)(2)(A). First, applying a common-sense view of the insurance saving clause, the Court finds that section 62A.29 does not regulate insurance. While the statute applies in part to holders of insurance and might indirectly require some employers to obtain insurance coverage in the form of a surety bond, the statute in no way regulates the insurance industry directly. *See Pilot Life,* 107 S.Ct. at 1554. Instead, the statute merely regulates employers who happen to own stop-loss or other insurance in connection with a health benefit plan. If such ownership of insurance were enough to prevent ERISA preemption, plan providers would be subject to a myriad of state regulation which would operate to frustrate ERISA's uniform treatment of benefit plans. A common-sense view of the language of the insurance saving clause indicates that Minn.Stat. § 62A.29 is not the type of state insurance regulation intended to survive the broad scope of ERISA preemption.

Further, the Court finds that Minn.Stat. § 62A.29 does not regulate the business of insurance under the McCarran–Ferguson criteria. Although the purchase of a surety bond by an affected employer under section 62A.29 may place some risk on the bonding company, the statute does not regulate any integral part of the relationship between the employer and its insurance carrier. Further, the statute does not purport to regulate only entities within the insurance industry; rather it targets employers in general. Thus, the state law in question does not satisfy the McCarran–Ferguson criteria, does not "regulate insurance" within the meaning of the insurance

saving clause and is not saved from ERISA preemption.

The conclusion that Minn.Stat. § 62A.29 is not spared from preemption is supported by consideration of the deemer clause codified at 29 U.S.C. § 1144(b)(2)(B). The deemer clause provides that an employee benefit plan may not be deemed to be an insurer under state law in order to subject the plan to state regulation. The Supreme Court in *Metropolitan Life,* 105 S.Ct. at 2393, explicitly recognized that the interaction between the insurance saving clause and the deemer clause creates a distinction between plans that purchase insurance to cover benefit costs and self-insured plans. Under *Metropolitan Life,* the former are subject to indirect regulation from state laws regulating insurance while the latter are exempt due to the preemptive force of the deemer clause. The Court stated, however, that this distinction was intended by Congress. *Id.* Applying the deemer clause in the case at bar supports preemption of Minn.Stat. § 62A.29. Because the plans involved here are self-insured,[3] they cannot be subject to indirect regulation through insurance laws. Even if section 62A.29 purports to regulate insurance, the statute cannot subject the plans to regulation as though they were insurance companies.

Based on the foregoing analysis, the Court finds that Minn.Stat. § 62A.29 is preempted by ERISA.

## II.  Eleventh Amendment

In Count II and Count III of their complaint, plaintiffs ask the Court to declare that Minn.Stat. § 62A.29 violates provisions of the Minnesota Constitution and to grant an injunction prohibiting enforcement of the statute based on this ground. Defendants have moved the Court to dismiss Count II and Count III based on *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), which held that the elev-

---

**3.** Self-insured benefit plans which purchase stop-loss or other insurance remain "self-insured" plans under the deemer clause despite

the insurance coverage. *See, e.g., United Food and Commercial Workers Welfare Trust v. Pacyga,* 801 F.2d 1157 (9th Cir.1986).

enth amendment of the United States Constitution bars suits in federal court against state officials for violation of state law. Plaintiffs concede that the eleventh amendment divests the Court of jurisdiction over Counts II and III but ask the Court to dismiss their state law claims without prejudice. *See* Plaintiffs' Responsive Memorandum of Law at 18–19, n. 4.

Under Fed.R.Civ.P. 41(a)(2) the voluntary dismissal of an action by the Court is usually without prejudice. Defendants do not contend that dismissal should be with prejudice in the case at bar. Further, plaintiffs correctly point out that the Supreme Court contemplated bifurcated proceedings in situations where the eleventh amendment bars pendent state law claims in federal court. *See Pennhurst*, 465 U.S. at 122, 104 S.Ct. at 919. For these reasons, the court will dismiss Counts II and III without prejudice.

Based on all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that:

1. Count II and Count III of plaintiffs' complaint are dismissed without prejudice;

2. defendants' motion for summary judgment is denied.

3. plaintiffs' motion for summary judgment is granted; Minn.Stat. § 62A.29 is hereby declared invalid and defendants are enjoined from enforcing Minn.Stat. § 62A.29.

LET JUDGMENT BE ENTERED ACCORDINGLY.