Thomas HUNT, Leonard Lanoue, Roger Harris, and Bernard Gruenke, in their capacity as participants in the Continental Machines, Inc. Employees' Trust, individually and on behalf of the Continental Machines, Inc. Employees' Trust, Plaintiffs,

v.

Steffen I. MAGNELL, individually and in his capacity as Trustee of the Continental Machines, Inc. Employees' Trust, and in his capacity as administrator of the estate of Ernest L. Drew, and Stephen R. Weldon, individually and in his capacity as Trustee of the Continental Machines, Inc. Employees' Trust, Defendants and Third–Party Plaintiffs,

v.

Gary HEIST and James W. Parkin, individually and in their capacity as Trustees of the Continental Machines, Inc. Employees' Trust, Third–Party Defendants.

Civ. No. 3–89–756.

United States District Court,
D. Minnesota,
Third Division.

Nov. 19, 1990.

See also 758 F.Supp. 1292.

John H. Hinderaker, Faegre & Benson, Bloomington, Minn., for third-party defendants.

Luke H. Terhaar, Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

Denise L. Yegge and Seymour J. Mansfield, Mansfield & Tanick, Minneapolis, Minn., for defendant and third-party plaintiff Steffen I. Magnell.

Karla R. Wahl, Minneapolis, Minn., for defendant and third-party plaintiff Stephen R. Weldon.

## AMENDED ORDER

DEVITT, District Judge.

### Introduction

In this action based upon the Employee Retirement Income Security Act ("ERISA"), plaintiffs Leonard LaNoue, Roger Harris, and Bernard Gruenke, and third party defendants Gary Heist ("Heist") and James Parkin ("Parkin") move to dismiss defendants Steffen Magnell ("Magnell") and Stephen Weldon's ("Weldon") third-party claims for contribution. The principal issue raised by this motion, whether ERISA allows contribution or indemnification claims between fiduciaries, appears to be one of first impression in the Eighth Circuit. For the reasons set forth below, the court grants plaintiffs' and third party defendants' motion.

### Background

This lawsuit concerns the management of the Continental Machines, Inc. Employee Trust ("the Trust"). Defendants are former trustees of the trust. Generally, plaintiffs claim that defendants made certain impermissibly risky investments and that defendants failed to reasonably investigate other ventures. Trustees other than defendants held office during the relevant time period, including Heist, Parkin, and Continental Machines, Inc., which served as plan administrator. However, plaintiffs seek recovery against only Magnell and Weldon. Defendants (hereinafter "third-party plaintiffs") allege that third-party defendants are primarily responsible for trust losses.

### Discussion

Third party defendants argue that ERISA contains no provision for contribution among fiduciaries and that none should be inferred. Third party plaintiffs respond that ERISA implicitly provides for contribution and that this court has the authority to enact a right to contribution through its power to formulate federal common law.

Third party plaintiffs rely upon 29 U.S.C. §§ 1105 and 1109 to argue that a contribution remedy may be implied from ERISA. Section 1105 provides, in pertinent part:

In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). This section is significant because it requires trustees, under specific circumstances, to repay trust losses resulting primarily from the activities of others. Contribution refers to "the sharing of a loss or payment among several" entities. *Black's Law Dictionary* 399 (4th

ed. 1968). Thus, according to third party plaintiffs, section 1105 sets forth the very definition of contribution.

Third party plaintiffs also rely upon 29 U.S.C. § 1109:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and *shall be subject to such other equitable or remedial relief as the court may deem appropriate*, including removal of such fiduciary.

29 U.S.C. § 1109(a) (emphasis supplied). According to third party plaintiffs, this section must be read in light of Congress' intent that ERISA codify principles of trust law. Because contribution is an accepted component of the common law of trusts, third party plaintiffs assert that contribution is within the scope of equitable relief afforded under section 1109. Similarly, third party plaintiffs rely upon the common law of trusts in urging this court to concoct a federal common law right to contribution under ERISA.

As noted earlier, our Eighth Circuit Court of Appeals has yet to decide whether ERISA permits contribution claims between fiduciaries. Federal courts which have addressed this issue appear split. The Ninth Circuit Court of Appeals has held that ERISA "only establishes remedies for the benefit of the *plan*" and therefore "cannot be read as providing for an

equitable remedy of contribution in favor of a *breaching* fiduciary." *Kim v. Fujikawa*, 871 F.2d 1427, 1432 (9th Cir.1989) (emphasis in original); *Call v. Sumitomo Bank of California*, 881 F.2d 626, 631 (9th Cir.1989).[1] In so determining, the Ninth Circuit relied heavily upon *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). In that decision, the Supreme Court held that ERISA section 1109(a) does not provide a cause of action for extra-contractual damages, reasoning that ERISA's integrated enforcement scheme "... provide[s] strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.*, 473 U.S. at 146, 105 S.Ct. at 3092.

In contrast to the Ninth Circuit, the Seventh Circuit has held that ERISA allows contribution actions "in narrowly appropriate circumstances." *Free v. Briody*, 732 F.2d 1331, 1337 (7th Cir.1984). In so deciding, the Seventh Circuit incorporated into ERISA principles from the common law of trusts:

In enforcing the liabilities of co-trustees equity considers where the burden shall ultimately fall, in view of the part which each trustee took in the transaction. If one trustee is solely or principally active in the commission of the breach, and the other trustee was passive or only nominally a participant, the court may, in the exercise of its discretion, grant the latter a right of indemnity against the former and throw the entire burden on him who was most blameworthy.

*Id.* at 1338, *quoting* G. Bogert, *Trusts and Trustees* § 862 (2d ed. 1962).[2]

... [T]he Supreme Court remains reluctant to use its own common law powers to allow contribution under federal statutes that do not provide for it expressly. (citations omitted) And ERISA does not. But this court has twice in dictum said that contribution is available under ERISA [citing *Free*] ... and we shall assume, without having to decide, that these dicta are correct.

*Donovan v. Robbins*, 752 F.2d 1170, 1178 (7th Cir.1984); *see Call v. Sumitomo Bank of California*, 689 F.Supp. 1014, 1019 n. 7 (N.D.Cal.1988); *Mutual Life Insurance Company of New York v.*

---

1. *See Placzek v. Strong*, 868 F.2d 1013, 1014 (8th Cir.1989) (plaintiff may only bring a cause of action for breach of fiduciary duty under ERISA when the alleged breach is one of duty to *plan* itself) (emphasis supplied); *citing Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 142, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985).

2. The Seventh Circuit decided *Free* one year prior to the Supreme Court's decision in *Russell*. Thus, *Free's* precedential value is at least somewhat reduced. Further, the Seventh Circuit has itself "intimated doubt about its soundness:"

**730**

■ This court concludes that our Eighth Circuit Court of Appeals likely would adopt the view of the Ninth Circuit and various district courts in other circuits that ERISA does not provide fiduciaries with a cause of action for contribution against co-fiduciaries. 29 U.S.C. § 1105(a), relied upon by third party plaintiffs, "merely creates joint and several liability among co-fiduciaries in certain circumstances" and does not specifically refer to contribution. *Mutual Life Insurance Company of New York v. Yampol*, 706 F.Supp. 596, 598 (N.D.Ill.1989); *see Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646, 101 S.Ct. 2061, 2069–70, 68 L.Ed.2d 500 (1981) (right of contribution not equivalent to joint and several liability).

ERISA's legislative history reveals that Congress intended to codify certain principles of the common law of trusts. *Free*, 732 F.2d at 1337–38 (citations omitted). However, that ERISA omits any specific reference to contribution in an otherwise " 'comprehensive and reticulated statute' " is telling. *Russell*, 473 U.S. at 146, 105 S.Ct. at 3092.

> Where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.

*Id.*, 473 U.S. at 147, 105 S.Ct. at 3093 (citations omitted). Congress' failure to include a right of contribution in ERISA thus appears intentional. *NARDA, Inc. v. Rhode Island Hospital Trust National Bank*, 744 F.Supp. 685, 695–98 (D.Md. 1990); *see Brock v. Gillikin*, 677 F.Supp. 398, 403 (E.D.N.C.1987); *Hollingshead v. Burford Equipment Company*, 747 F.Supp. 1421 (M.D.Ala 1990). Having concluded that Congress likely intended not to provide trustees with a right of contribution, the omission of those rights can hardly be classified as an unaddressed detail or gap to be filled by a federal common law.

*Yampol*, 706 F.Supp. 596, 599–600 (N.D.Ill. 1989).

Conclusion

Based upon the files and briefs and arguments of counsel,

IT IS ORDERED that:

1. Third-party defendants' motion to dismiss third-party plaintiffs' contribution claims is GRANTED;

2. Plaintiffs' motion to dismiss third-party plaintiffs' contribution claims is GRANTED.