PHYSICIANS HEALTHCHOICE, INC., as assignee of the rights of certain members of the Automotive Employee Benefit Trust, Plaintiff,

v.

The TRUSTEES OF THE AUTOMOTIVE EMPLOYEE BENEFIT TRUST, including Alfred S. Brodie, Joseph Garbina, Gerald R. Kottschade, Florence Markert, and other presently unidentified "John Doe" individuals, Defendants.

The TRUSTEES OF THE AUTOMOTIVE EMPLOYEE BENEFIT TRUST, including Alfred S. Brodie, Joseph Garbina, Gerald R. Kottschade, Florence Markert, Counter-claimants,

v.

PHYSICIANS HEALTHCHOICE, INC., Counter-defendant.

Civ. No. 4–90–789.

United States District Court, D. Minnesota, Fourth Division.

May 30, 1991.

---

Keith J. Halleland, Popham, Haik, Schnobrich & Kaufman, David R. Strand, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for plaintiff.

Gaylord W. Swelbar, Robert T. Torgerson, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, Duluth, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion to dismiss defendants' counterclaim. The motion will be granted.

## FACTS

In March of 1990 the trustees of the Automotive Employee Benefit Trust (the trust) terminated the employee benefit plan (the plan) which was providing medical benefits to more than 6,000 plan participants, as well as their dependents. At the time of the termination, plaintiff Physician's HealthChoice, Inc. claims that it was owed $1,252,000 for medical services provided to the plan's participants. By September 1, 1990, the alleged liability had risen to $1.6 million.

Following the plan's termination, a number of the plan participants assigned their claims under ERISA against the trustees of the plan to plaintiff PHC. PHC now brings the present action as assignee of these claims against certain plan trustees to recover damages on behalf of the plan caused by the defendants' alleged mismanagement and breaches of fiduciary duty.

In their amended answer, the trustees assert a counterclaim against PHC for contribution or indemnity, alleging that PHC is responsible as a fiduciary for losses caused by its own mismanagement. Plaintiff concedes for purposes of this motion that it is a "fiduciary," but moves to dismiss defendant's counterclaim for contribution and indemnity for failure to state a claim under ERISA.

## DISCUSSION

In reviewing a motion to dismiss for failure to state a claim the Court presumes all factual allegations to be true and all reasonable inferences from those allegations are construed in favor of the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1132 (8th Cir.1988). The appropriate inquiry is not whether plaintiff will ultimately prevail but whether he will be allowed to introduce evidence to support his claims. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. Because dismissal on the pleadings is an extreme remedy it is not favored by the courts and is employed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted). *Robinson v. MFA Mutual Insurance Co.*, 629 F.2d 497, 500 (8th Cir. 1980). *See also Palmer*, 856 F.2d at 1132.

### I. *Whether Defendants' Counterclaim States a Claim Under ERISA*

Congress has provided that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The Supreme Court has observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), *quoting Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). The Court has previously noted that the cases interpreting ERISA's preemption clauses and the legislative history

of the statute suggest the broad scope of preemption. *Minnesota Chamber of Commerce & Industry v. Hatch,* 672 F.Supp. 393, 397 (D.Minn.1987).

In view of the exclusiveness of the ERISA regulatory scheme, the Court must confine itself to the express terms of ERISA and its surrounding body of common law to determine the validity of defendants' counterclaim for contribution or indemnity.

## II. *Whether ERISA Contains a Right of Contribution or Indemnity*

The liability of a fiduciary for losses suffered by a plan because of the fiduciary's breach of duty are governed by 29 U.S.C. § 1109(a) which provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore· to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, *and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*

(Emphasis added.)

Defendants rely upon the last clause of the above-quoted section as the source for a right of contribution. Defendants argue that contribution and indemnity constitute forms of "equitable or remedial relief" which are within the Court's power pursuant to this section. Defendants rely upon *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981), in which the Supreme Court held that in determining whether a federal statute provides for a private right of action, such as a right of contribution, the Court considers "the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement ex-

isting state remedies." *Id.* at 91, 101 S.Ct. at 1580. In that case, the Court noted that neither the Equal Pay Act nor Title VII expressly created a right of contribution in favor of employers. *Id.* The Court found that this omission, although significant, was not dispositive if the language of the statutes indicated that they were enacted "for the special benefit of a class of which petitioner is a member." *Id.* at 92, 101 S.Ct. at 1581. The Court found that employers were not members of the class for which these statutes were enacted inasmuch as both statutes were "expressly directed against employers; Congress intended in these statutes to regulate their conduct for the benefit of employees." *Id.* The Court also found that the comprehensiveness of the statutes counseled against a right of contribution. In addition, the Court found no indication in the legislative history of any intention to provide for a right of contribution.

Defendants argue that ERISA, unlike the Equal Pay Act or Title VII, was not intended solely to protect employees, but rather to "establish judicially enforceable standards to insure honest, faithful, and competent management of pension and welfare funds," and "reduce substantially the potentialities for abuse" by fiduciaries. *Massachusetts Mutual Life Insurance, Inc. v. Russell,* 473 U.S. 134, 140 n. 8, 105 S.Ct. 3085, 3089 n. 8, 87 L.Ed.2d 96 (1985), *quoting* legislative history. According to defendants, because Congress in enacting ERISA was concerned about the actions of fiduciaries, the Court should interpret ERISA as providing for a right of contribution among fiduciaries.

Defendants rely upon *Free v. Briody,* 732 F.2d 1331 (7th Cir.1984) in which the United States Court of Appeals for the Seventh Circuit held that ERISA provided for a right of contribution among fiduciaries. In *Free,* the court applied the analysis set forth in *Northwest Airlines* and concluded that ERISA intended to protect trustees from "being ruined by the actions of their cofiduciaries, both because the language of ERISA provides protection for co-trustees and because Congress evi-

denced an intent to apply general trust principles to the trustee provisions of ERISA." *Id.* at 1337. The court noted that ERISA contained a provision which limited co-fiduciary liability: section 1105. This section provides:

(a) In addition to any liability which he may have under any other provision of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:

(1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105. The court noted that section 1105 not only limited the liability for a co-trustee's breach of fiduciary duty to those circumstances set forth at section 1105(a), but also did so by allowing trustees to allocate responsibilities for various functions and avoid liability for breaches of allocated duties. *See* 29 U.S.C. § 1105(b)(1)(B). The court held that Congress did not intend trustees to act as insurers of the actions of co-trustees. The court found that a co-trustee who has been required to make good a loss to a plan can recoup his loss from a more culpable co-trustee pursuant to section 1105. The court found that this right was contained in the provision in section 1109, quoted *supra,* providing for "such other equitable or remedial relief as the court may deem appropriate...." The court found that:

ERISA grants the courts the power to shape an award so as to make the injured plan whole while at the same time apportioning the damages equitably between the wrongdoers.

*Free,* 732 F.2d at 1337.

Plaintiff argues that ERISA cannot be interpreted as providing for a right of contribution because section 1109, which is essential to the enforcement structure of the act, provides that fiduciary obligations run only to "the plan" itself, and do not provide for recovery among trustees. Plaintiff relies upon *Massachusetts Mutual Life Insurance, Inc. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) which was decided after the Seventh Circuit's decision in *Free.* In *Russell,* the Court held that the beneficiary of an employee benefit plan did not have a private right of action for extra-contractual compensatory or punitive damages for improper processing of her claim for disability benefits under ERISA. The Court found that section 1132(a) authorizes a beneficiary to bring an action against a fiduciary who has violated section 1109. The Court further found, however, based upon the text of section 1109, the statutory provisions defining the duties of a fiduciary, and the provisions defining the rights of a beneficiary, that recovery for such a violation "inures to the benefit of the plan as a whole." *Id.,* 473 U.S. at 140, 105 S.Ct. at 3089. The Court stressed that section 1109 provides for the fiduciary to make good "to such plan" losses caused by his breach and concluded that the reference to equitable remedies at the conclusion of section 1109 must be read in connection with the remainder of that section which stresses recovery by the plan itself. The Court concluded:

A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.

*Id.,* 473 U.S. at 142, 105 S.Ct. at 3090. The Court also applied the analysis of *Northwest Airlines, Inc.* and concluded that a private right of action could not be implied from the language of ERISA, its statutory

structure, or from any other source. *Id.* at 145, 105 S.Ct. at 3091. The Court found:

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."

*Id.* at 146, 105 S.Ct. at 3092, *quoting Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980). The Court indicated that it was "reluctant to tamper with an enforcement scheme crafted with such evident care as the one in ERISA," cautioning that "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Id.* at 147, 105 S.Ct. at 3093, *quoting Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979). The Court noted that even though the beneficiary was one of the classes which ERISA was designed to protect, and even though there were no state common law remedies available, such a right of action could not be found in either the statute or its legislative history, and therefore failed the *Northwest Airlines* test.

Following *Russell,* the United States Court of Appeals for the Ninth Circuit considered whether ERISA provided for a right of contribution in *Kim v. Fujikawa,* 871 F.2d 1427 (9th Cir.1989). In *Kim,* the Ninth Circuit, applying *Russell,* held that section 1109 "only establishes remedies for the benefit of the plan" and therefore could not be read as providing for an equitable remedy of contribution in favor of a breaching fiduciary. *Id.* at 1432. The court noted that implication of a right of contribution is particularly inappropriate where the party seeking contribution is "a member of the class [*e.g.,* fiduciaries] whose activities Congress intended to regulate for the protection and benefit of an entirely distinct class [*e.g.,* ERISA plans]." *Id.* at 1433. The court found that there was no indication in the legislative history that "Congress was concerned with softening the blow on joint wrongdoers." *Id.*

Plaintiff also relies upon a recent decision in this district holding that ERISA contained no right of contribution. In *Hunt v. Magnell,* 766 F.Supp. 727 (D.Minn. 1990), the court noted that the United States Court of Appeals for the Eighth Circuit had not yet decided whether ERISA permits contribution claims among fiduciaries, but compared the results in *Kim* and *Free* discussed above. The court held that the Eighth Circuit would likely adopt the view of the Ninth Circuit in *Kim* that ERISA does not provide fiduciaries with a cause of action for contribution against co-fiduciaries. The court noted that section 1105, relied upon by the court in *Free,* merely creates joint and several liability among co-fiduciaries in certain specified circumstances. According to the court, ERISA's omission of any reference to contribution in what is otherwise a "comprehensive and reticulated statute," *Russell,* 473 U.S. at 146, 105 S.Ct. at 3092, is "telling." *Hunt,* slip op. at 7. The court then held that Congress' intention not to provide trustees with a right of contribution precluded a finding that such a right existed under federal common law. *Id.*

Significantly, one district court in the Seventh Circuit recently held that *Free v. Briody* is no longer controlling after *Russell,* and dismissed a trustee's contribution claim against a co-fiduciary. *Mutual Life Insurance Co. of New York v. Yampol,* 706 F.Supp. 596, 599 (N.D.Ill.1989).

At least two other district courts have similarly rejected *Briody* and followed *Kim. Narda, Inc. v. Rhode Island Hospital Trust National Bank,* 744 F.Supp. 685, 696 (D.Md.1990) and *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 753 F.Supp. 81, 85 (W.D.N.Y.1990).

The Court finds that, following *Russell,* no right of contribution or indemnity among ERISA fiduciaries can be found in

ERISA. If the Supreme Court was unable to find support in ERISA for a private right of action on behalf of beneficiaries, which clearly constitute a protected class under ERISA, it is less likely to find such a right on behalf of fiduciaries, a class which ERISA is intended to regulate. Moreover, ERISA cannot meaningfully be distinguished from the Equal Pay Act or Title VII, all of which were enacted for the benefit of employees. If the Supreme Court interpreted those acts not to provide a right of contribution for an employer, it would likely interpret ERISA not to provide a right of contribution for a fiduciary. Moreover, the Court notes that ERISA expressly addresses the rights and obligations of co-fiduciaries, and provides for a right of action, for the benefit of the plan, against co-fiduciaries in specifically delineated circumstances. As it was in *Russell*, it would be inappropriate to graft upon this carefully structured statutory scheme an additional remedy not expressly provided. Inasmuch as defendants' counterclaim seeks contribution for the benefit of the defendants themselves, rather than on behalf of the plan, it must be dismissed.

## CONCLUSION

Based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that:

1. plaintiff's motion to dismiss defendants' counterclaim for contribution or indemnity is granted;

2. defendants' counterclaim is hereby dismissed with prejudice.