Kenneth A. NIXA, Plaintiff,

v.

Robert L. HAYES, individually and as a police officer of the City of Racine, et al., Defendants.

No. 71-C-583.

United States District Court,
E. D. Wisconsin.

April 20, 1972.

Victor O. Cairo, Racine, Wis., for plaintiff.

Edward A. Krenzke, City Atty., Racine, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this civil rights action seeks money damages for personal injuries allegedly sustained as a result of a beating administered by the defendants Robert L. Hayes and William J. Hunter, police officers of the city of Racine, Wisconsin. The plaintiff also seeks money damages from LeRoy Jenkins, the chief of police of Racine, and

Kenneth Huck, the mayor of Racine, for allegedly conspiring with the defendants Hayes and Hunter to administer the beating given to the plaintiff.

The defendants have moved, pursuant to Rule 12(e), Federal Rules of Civil Procedure, for a more definite statement of paragraphs 5 and 11. Paragraph 5 alleges:

> "That at all times pertinent hereto, the defendants, Hayes and Hunter, were acting pursuant to orders and directives made by the defendant, Jenkins."

Paragraph 11 alleges:

> "That the acts alleged in paragraphs 8 and 9 were committed with the knowledge and approval of the defendants, Huck and Jenkins."

Rule 8, Federal Rules of Civil Procedure, directs that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The information sought by the defendants in their motion for a more definite statement appears to be of an evidentiary nature, but it is not the function of a motion for a more definite statement to discover evidence. In my opinion, the plaintiff has given the defendants sufficient notice of the nature of his claim to enable them to prepare a responsive pleading. 2A Moore's Federal Practice ¶ 12.18(1) (1968).

In addition, the defendants have moved to strike certain paragraphs of the complaint as irrelevant and tending to confuse the issues in the complaint. In my opinion, this motion should not be granted. Rule 12(f), Federal Rules of Civil Procedure, authorizes motions to strike "any redundant, immaterial, impertinent, or scandalous matter." The gravamen of the instant complaint relates both to the beating and the conspiracy to beat the plaintiff.

The paragraphs here in question allege a conspiracy in violation of 42 U.S.C. § 1985 and as such, they are properly pleaded. A motion to strike may be granted when the allegations have no possible relation to the controversy. Warner & Swasey Co. v. Held, 256 F. Supp. 303 (E.D.Wis.1966; 2A Moore's Federal Practice ¶ 12.21(2) (1968).

Therefore, it is ordered that the defendants' motions for a more definite statement and to strike certain paragraphs of the complaint be and hereby are denied.