Byron L. DORGAN, North Dakota State Tax Commissioner, Appellee,

v.

INTERNATIONAL HARVESTER COMPANY, Appellant.

No. 78–1012.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1978.

Decided Nov. 1, 1978.

William P. Pearce of Pearce, Anderson, Thames & Durick, Bismarck, N. D., for appellant.

\* The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Albert R. Hausauer, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellee; William D. Dexter, Counsel for Multi-State Tax Commission and Sp. Asst. Atty. Gen., Olympia, Wash., on brief.

Before STEPHENSON, Circuit Judge, INGRAHAM,\* Senior Circuit Judge, and HENLEY, Circuit Judge.

STEPHENSON, Circuit Judge.

This case is an appeal from the district court's[1] judgment on the pleadings. We find the district court failed to allow International Harvester Company (IHC), appellant-defendant, to file an answer. Accordingly, we vacate the judgment and remand.

This case was initiated in the district court for the state of North Dakota when the North Dakota State Tax Commissioner, appellee-plaintiff, asked the court to enforce his demand for production of books and records from IHC for joint multistate income tax audits by the Multistate Tax Commission.

The action was removed to the United States District Court for North Dakota upon motion by IHC. The district court denied the Commissioner's motion to remand, finding federal jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332.

A stay was then granted pending the outcome of an action in the United States District Court for the Southern District of New York challenging the constitutionality of a multistate tax compact. The district court denied a motion to remand and later denied a motion requesting that it vacate or modify its denial of the remand request.

When a three-judge court in the Southern District of New York ruled that the multistate tax compact was constitutional, *United States Steel Corp. v. Multistate Tax Comm'n*, 417 F.Supp. 795 (S.D.N.Y.1976), aff'd, 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978), the district court in this case

1. The Honorable Bruce M. VanSickle, United States District Judge for the District of North Dakota.

issued an order granting judgment in favor of the Commissioner. There was, however, no entry of judgment.

Thereafter the Commissioner filed a motion for entry of judgment. The district court treated this motion as a motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), and granted such on November 1, 1977, stating:

> I find the utilization by the State of North Dakota, through the Multistate Tax Commission, of the work product of Commission representatives in determining taxes due from multi-national corporations to be a valid exercise of its taxing power.

IHC appealed to this court, and, upon appellant's motion, this court granted a stay until the Supreme Court reviewed the New York District Court opinion.

On February 21, 1978, the United States Supreme Court affirmed the New York District Court's decision in *United States Steel Corp. v. Multistate Tax Comm'n*, 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978). Thereafter IHC filed its brief in this court pursuant to the stay order and argued that the district court had no power to enter a judgment on the pleadings inasmuch as IHC had never been given an opportunity to file an answer. The case was set for argument on June 14, 1978.

On the date of argument, this court was advised by counsel that the case had been settled, that the Commissioner would withdraw his subpoena, and that a stipulation for dismissal would be filed.

On August 8, 1978, no stipulation from the parties had been received by this court. The parties were then notified to act without delay in regard to a stipulation if such was to be the disposal of the case. At that time counsel advised the court that no agreement had been reached in regard to the stipulation, "based on the difficulty of stipulating as to what the course of proceedings would subsequently be in the district court," and requested this court to rule on the appeal.

Because the need for further proceedings in either this court or the district court was not apparent, this court ordered the parties to explain the circumstances inhibiting effectuation of the dismissal agreement. Counsel responded that the Commissioner did not wish to withdraw the subpoena if this meant that he would have to agree to a dismissal of the entire action with prejudice.

We vacate the district court order entering judgment and remand this case to the district court and order that IHC be given the opportunity to file an answer in accord with Fed.R.Civ.P. 12(c):

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56[;]

and Fed.R.Civ.P. 7(a): "(a) Pleadings. There shall be a complaint and an answer * * * ."

We make no decision as to whether further proceedings in federal court will be necessary. This order does not prevent the district court from taking whatever action is appropriate in light of the Supreme Court's ruling in *United States Steel Corp. v. Multistate Tax Comm'n, supra.*

Judgment vacated and remanded to the district court.