**Marvin Dale PALMER, Administrator of the Estate of Johnnie Palmer, Deceased, Appellant,**

v.

**TRACOR, INC., Appellee.**

**No. 87–2550.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1988.

Decided Sept. 12, 1988.

---

Morgan E. Welch, North Little Rock, Ark., for appellant.

William C. Frye, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and STUART *, Senior District Judge.

STUART, Senior District Judge.

Marvin Palmer appeals from an Order dismissing his complaint under Federal Rule of Civil Procedure 12(b)(6) and alternatively granting summary judgment under Fed.R.Civ.P. 56(b). For reversal, Palmer argues that the complaint sufficiently alleges parent company liability and that the grant of summary judgment was premature.

We reverse the judgment of the District Court.

## I. BACKGROUND

Tracor/MBA is a munitions plant located at East Camden, Arkansas. It is a wholly-owned subsidiary of appellee, Tracor, Inc. On December 19, 1983 an explosion occurred at Tracor/MBA, resulting in the death of one of its employees, Johnnie Faye Palmer. Appellant is the administrator of Mrs. Palmer's estate. Tracor/MBA is immune from suit in tort by appellants because of the exclusive remedy provisions included in the Arkansas Workers Compensation Statute, Ark.Code Ann., Chapter 9 (1987).

Appellant filed suit against Tracor/MBA's parent company, Tracor, Inc. for negligence. In the complaint, appellant alleged that the parent corporation "has undertaken to involve itself, affirmatively, in directing exactly what safety measures should and should not be taken." (Complaint at p. 4). The appellant then listed ten particular acts of negligence which it claimed were assignable to the parent corporation due to its affirmative involvement in establishing safety measures.

Subsequently, defendant filed a Motion to Dismiss accompanied by an unsworn affidavit of defendant's counsel. Plaintiff filed responses, briefs, and supplements thereto fully resisting defendant's motion to dismiss and requesting the Court to deny defendant's motion for summary judgment as premature until plaintiff had an opportunity to conduct discovery. The Court took the matter under advisement and some time later dismissed the complaint.

## II. 12(b)(6) DISMISSAL

In testing the sufficiency of a complaint to withstand a motion for 12(b)(6) dismissal, this Court must accept Palmer's factual allegations as true: "A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (quoting *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). *See also Baxley–DeLamar Monu-*

* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

*ment, Inc. v. American Cemetary Association, et al.,* 843 F.2d 1154 (8th Cir.1988).

 The parties and Judge Harris appear to agree as to the law governing parent corporation liability for safety at a subsidiary plant. Briefly, the law provides that the duty to provide for the safety of employees in the work place is that of the employer. No such duty is placed on the parent company unless it has, by its own independent actions, assumed some control over the operations of its subsidiary. *First National Bank of Camden, Arkansas, et al. v. Tracor, Inc.,* 851 F.2d 212 (8th Cir. 1988). *See Muniz v. National Can Corp.,* 737 F.2d 145 (1st Cir.1984); *Love v. Flour Mills of America,* 647 F.2d 1058 (10th Cir. 1981), and *Boggs v. Blue Diamond Coal Co.,* 590 F.2d 655 (6th Cir.1979), *cert. denied* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1976).

 The district court held that appellant had failed to sufficiently allege affirmative action by Tracor, Inc. On page four of the complaint, however, appellant states that the parent corporation "has undertaken to involve itself affirmatively, in directing exactly what safety measures should and should not be taken." We find this allegation, along with the ten specific allegations of negligence, to be sufficient to withstand 12(b)(6) dismissal.

## III. SUMMARY JUDGMENT

In addition to the 12(b)(6) dismissal, the district court held that appellees were entitled to summary judgment.

In reviewing an order granting summary judgment, we apply the same standard which governs the district court; i.e., summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Umpleby v. United States,* 806 F.2d 812, 814 (8th Cir.1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." The Supreme Court has held that "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

The district court found that appellant had alleged in the complaint that "defendant had undertaken to involve itself, affirmatively, in directing exactly what safety measures should and should not be taken." It held, however, that appellee was entitled to summary judgment because appellant had failed to offer any pleadings, affidavits or any other statements in support of this allegation.

 The Court ruled on the motion to dismiss and the motion for summary judgment in the same order. Appellant had requested the court to delay ruling on the motion for summary judgment until he had an adequate opportunity to conduct discovery. The only affidavit on file was an unsworn affidavit of the defendant's attorney. The trial court in granting the motion for summary judgment pointed out that several months had passed without further pleadings or discovery by the appellant. Appellant claims it was unwilling to conduct full-scale discovery while the motion to dismiss was pending because it justifiably feared 12(b)(6) dismissal and therefore wished to avoid the expense of unnecessary discovery. We find appellant's argument to be well taken and find that the district court's grant of summary judgment was

premature. Appellant should be given the opportunity to conduct discovery.

Reversed and remanded for further proceeding consistent with this opinion.