Rodney L. COOPERMAN and Rodney L. Cooperman Manufacturer's Representatives, Inc., a Minnesota corporation, Plaintiffs,

v.

R.G. BARRY CORPORATION, an Ohio corporation, Defendant.

Civ. No. 4–91–633.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 11, 1991.

Joseph A. Thomson, Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

Carolyn Chalmers, Leonard, Street & Deinard, Minneapolis, Minn., G. Ross Bridgman, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on defendant's motion to dismiss Count VI of the complaint for failure to state a claim upon which relief can be granted. The motion will be granted.

### FACTS

Defendant Barry Corporation markets, designs and manufactures slippers and other footwear products under various brand names and distributes its products to various retail establishments. Plaintiff Rodney L. Cooperman is the president and principal of plaintiff Rodney L. Cooperman Manufacturer's Representatives, Inc. Plaintiffs will be referred to collectively as "Cooperman" or "plaintiff." Cooperman has acted as a manufacturer's representative for defendant Barry in Minnesota, North Dakota and Wisconsin. As a manufacturer's representative, plaintiff obtains orders for merchandise, ensures that orders are filled and merchandise is shipped on time, and assists customers in marketing merchandise. Plaintiff alleges that it has acted as Barry's account representative for Minneapolis/St. Paul area Target stores since 1963, and that in and after 1988, defendant began a campaign to phase out independent sales representatives, including plaintiff.

Plaintiff alleges that as part of this campaign, defendant began in 1988 to interfere with plaintiff's relationship with Target stores by providing untimely and incomplete deliveries, discriminating against Target in pricing, and dealing directly with Target in areas historically performed by plaintiff. Plaintiff also alleges that defendant has systematically reduced its commissions on the Target account, which represents 92 percent of the business plaintiff does for defendant; proposed that plaintiff terminate its representation of the Target account; and notified Target that plaintiff would not be Barry's representative for the Target account after the spring of 1991. Plaintiff alleges that these actions by defendant were contrary to the parties' agreement that plaintiff would be allowed to represent Barry products so long as plaintiff capably performed.

Plaintiff brings this action on various legal theories, one of which is that defendant has violated section 325F.69(1) of the Minnesota Consumer Fraud Act. Defendant moves to dismiss Count VI for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of its motion, defendant argues that the alleged conduct cannot constitute a violation of the Minnesota Consumer Fraud Act absent allegations that plaintiff is a consumer or that a consumer has been defrauded.[1]

### DISCUSSION

In reviewing a motion to dismiss for failure to state a claim the Court presumes all factual allegations to be true and all reasonable inferences from those allegations are construed in favor of the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Palmer v. Tracor, Inc.*, 856 F.2d 1131, 1132 (8th Cir.1988). The appropriate inquiry is not whether plaintiff will ultimately prevail but whether he will be allowed to introduce evidence to support his

---

1. Defendant also argues that the allegations of fraud were not pleaded with the particularity required by Fed.R.Civ.P. 9(b). However, because the Court has determined that the conduct alleged does not fall within section 325F.69(1), it need not address the Rule 9(b) issue.

claims. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. Because dismissal on the pleadings is an extreme remedy it is not favored by the courts and is employed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). *Robinson v. MFA Mutual Insurance Co.*, 629 F.2d 497, 500 (8th Cir. 1980). *See also Palmer*, 856 F.2d at 1132.

Section 325F.69(1) of the Minnesota Consumer Fraud Act provides:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

Minn.Stat. § 8.31(3a) provides that a person injured by a violation of section 325F.69(1) may bring a civil action for damages and equitable relief.

Defendant argues that plaintiff has not pled a cause of action under section 325F.69(1) because it has made no allegation that it is a consumer or that any consumer has been defrauded. In making this argument, defendant relies, among other things, on the fact that the title of the statute is "Prevention of Consumer Fraud."

In response, plaintiff argues that section 325F.69 does not require a plaintiff to be a consumer. In support of this argument, plaintiff points to three cases in which courts rejected a narrow reading of section 325F.69. *See Carlock v. Pillsbury Co.*, 719 F.Supp. 791, 849–50 (D.Minn.1989); *Kociemba v. G.D. Searle*, 680 F.Supp. 1293 (D.Minn.1988); *Church of the Nativity of Our Lord v. Watpro, Inc.*, 474 N.W.2d 605 (Minn.Ct.App.1991). Plaintiff argues that these cases construe section 325F.69(1) broadly enough to allow its suit, even though its duties as manufacturer's representative do not include buying or selling any merchandise. Plaintiff reasons that because its efforts result in Target purchasing footwear from defendant, any fraud that takes place within the context of its agreement with defendant is fraud "in connection with the sale of any merchandise" for the purposes of section 325F.69(1). Thus, plaintiff argues for a broad interpretation of section 325F.69(1) that would pull within the ambit of the statute any transaction that leads to the ultimate sale of merchandise.

There are relatively few published decisions construing section 325F.69(1), and those decisions do not precisely delineate the class of people who may bring suit under the statute. Moreover, plaintiff correctly notes that courts applying section 325F.69(1) have repeatedly refused to read the statute as narrowly as the defendants in those cases urged. However, plaintiff has ignored an essential difference between the cases it cites in support of its view and its claim here: in each case it cited, there was a nexus between the fraud alleged and the sale of merchandise.

In *Watpro*, the plaintiff alleged that the defendant manufacturer had misrepresented the quality of roofing materials that the plaintiff purchased. 474 N.W.2d 605 (Minn.Ct.App.1991). Similarly, in *Kociemba*, the plaintiff alleged that the defendant manufacturer had fraudulently misrepresented the effects of an intrauterine device that the plaintiff had received from her doctor, who had purchased the device from the defendant. 680 F.Supp. 1293 (D.Minn. 1988). Finally, in *Carlock*, the plaintiff franchisees alleged that the defendant manufacturers had misrepresented the air content and weight of ice cream sold to plaintiffs. 719 F.Supp. at 849–50. In all three cases, the alleged fraud occurred in the context of a transaction between a seller and a buyer.

In the case at bar, however, the alleged fraud occurred not in the transaction between a seller and a buyer, but in the transaction between a seller and its representative. While the transaction between the seller and its representative is part of a sequence of events leading to a sale of merchandise, it is not itself a sale of merchandise. Plaintiff itself has bought noth-

ing, and has encountered no fraud in the context of a sale. Rather, the fraud alleged relates to plaintiff's employment relationship with defendant. Plaintiff invokes the statute not to protect itself as a consumer, but to protect its business relationship with defendant. Such a broad reading of the statute would render it applicable to any contract remotely related to the ultimate sale of merchandise. It is unlikely that the Legislature intended the Consumer Fraud Act to have such broad application.

Accordingly, based on the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that defendant's motion to dismiss Count VI is granted.