Joel L. GEIR, By and Through His Parents and Next Friends, Jack L. GEIR and Mary E. Geir; Amanda Petska, By and Through Her Parents and Next Friends, Roger D. Petska and Kathleen R. Petska; Lisa Kummer, By and Through Her Parent and Next Friend, Theresa M. Kummer; Heather A. Duncan, By and Through Her Parents and Next Friends, James P.L. Duncan and Kathryn J. Duncan; Thomas Lute, By and Through His Parents and Next Friends, Lewis O. Lute and Carol V. Lute; Kelly V. Christianson, By and Through Her Parent and Next Friend, Virginia L. Christianson; and Harold Lutkehus II, By and Through His Parent and Next Friend, Connie K. Lutkehus, Plaintiffs,

v.

EDUCATIONAL SERVICE UNIT NO. 16; Marge Lehman and Marge Beatty, Defendants.

No. 7:CV92–5000.

United States District Court, D. Nebraska.

Oct. 13, 1992.

James R. Welsh and Charles G. Larson, Bradford, Coenen & Ashford Law Firm, Omaha, Neb., for plaintiffs.

Brian D. Nolan, Hansen, Engles & Locher Law Firm, Omaha, Neb. and William T. Wright, Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, Law Firm, Kearney, Neb., for defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter is before the court on the magistrate judge's report and recommenda-

tion (filing 89) and the objections to such report and recommendation filed as allowed by 28 U.S.C. § 636(b)(1)(C) and Local Rule of Practice 49(B).

The court has conducted, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 49(B), a de novo review of the portions of the report and recommendation to which objections have been made and finds that the report and recommendation should be adopted.

IT IS ORDERED:

1. the magistrate judge's report and recommendation (filing 89) is adopted; and

2. defendants; motion to dismiss this action in its entirety (filing 9) is denied; and further that defendants' motion for judgment on the pleadings (filing 9) construed as a motion to dismiss, is granted in part and those claims which assert the parents of plaintiffs Geir, Pestka, Kummer and Lutkehus have suffered loss of services, support and incurred medical expenses be dismissed;

3. filing 9 is denied in all other respects.

## MEMORANDUM, ORDER AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Plaintiffs, seven handicapped individuals, have filed this § 1983 action through their parents alleging they were physically, sexually and emotionally abused while attending Educational Service Unit No. 16, a school for the trainable mentally handicapped. Referred to me for consideration is filing 9, defendants' motion to dismiss this action pursuant to Rule 12(b)(6). Alternatively, defendants move for judgment on the pleadings with respect to certain claims, request that certain allegations be stricken, request a more definite statement with respect to certain allegations, and move that this action be severed. Also pending before the court is defendants' motion to permit them access to certain records (filing 70).[1]

---

**1.** Also pending is plaintiffs' motion to quash (filing 30), which I am advised has been re-

For reasons discussed below, I shall recommend defendants' motion to dismiss this action for failure to state a claim be denied. Further, although defendants' motion for judgment on the pleadings is premature under the Federal Rules of Civil Procedure, I shall treat it as a motion to dismiss, and shall recommend the motion be granted in part and denied in all other respects. Additionally, I shall grant, in part, defendant's motion to make more definite and certain, and shall deny both the motion to strike and the motion to sever. Finally, I shall deny defendants' motion for access to certain records as premature.

### Motion to Dismiss

Defendants request this action be dismissed "in its entirety" pursuant to Rule 12(b)(6), arguing the complaint is too vague to state a claim upon which relief may be granted.[2]

■ In testing the sufficiency of a complaint to withstand a motion for dismissal, the court must accept the plaintiff's factual allegations as true. The complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts a plaintiff will be able to prove all of the necessary factual allegations. *Palmer v. Tracor, Inc.*, 856 F.2d 1131 (8th Cir.1988) (citing, *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982)). A "dismissal under 12(b)(6) is likely

to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Palmer*, 856 F.2d at 4 (citing *Fusco*, 676 F.2d at 334, and quoting *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979)). "A court may dismiss a complaint only if it is clear that no relief could be proved consistent with the allegations." *Palmer*, 856 F.2d at 3 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

In support of the motion to dismiss, defendants argue that a complaint asserting a cause of action under 42 U.S.C. § 1983 is subject to a heightened pleading standard, and, applying such a standard, defendants suggest the complaint does not contain sufficient factual allegations and should be dismissed.[3]

■ The Eighth Circuit has followed a majority of the circuits in holding that § 1983 complaints are subject to a heightened pleading standard. *See Brown v. Frey*, 889 F.2d 159, 170 (8th Cir.1989), *cert. denied*, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). *See also Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.1992); *Caldwell v. City of Elwood, Ind.*, 959 F.2d 670, 672 n. 4 (7th

solved. Accordingly, I shall deny this motion as moot.

**2.** I note defendants also ask that plaintiffs' complaint be dismissed pursuant to Rule 12(b)(6) on grounds that "on its face it shows the Court has no subject matter jurisdiction of this action or various parts thereof." (Filing 9 at 1). Notwithstanding the fact that motions asserting lack of subject matter jurisdiction are properly brought pursuant to Rule 12(b)(1), defendants nowhere clearly explain the nature of the alleged subject matter jurisdiction deficiency nor do they argue lack of subject matter jurisdiction in their brief. Although it is possible defendants are attempting to assert that the court lacks subject matter jurisdiction because the complaint is too vague to state a claim under § 1983, such an argument is not presented.

**3.** I note also that in support of the motion to dismiss, defendants have submitted the affidavits of Mr. William T. Wright, defendants' coun-

sel of record. (Filings 11 and 13). These affidavits are directed solely at the motion to dismiss for failure to state a claim, and offer facts regarding pleading deficiencies in a similar state court action brought by plaintiffs against defendants. Because I consider the alleged pleading deficiencies in state court to be irrelevant to proceedings in this court, I shall not consider the submitted affidavits. Accordingly, because I am excluding from consideration matters submitted outside the pleadings, defendants' motion to dismiss need not be treated as a motion for summary judgment pursuant to Rule 56. *See Fed.R.Civ.P.* 12(b); *Angleton v. Pierce*, 574 F.Supp. 719, 723 n. 1 (D.N.J.1983) (where matters outside the pleadings were submitted to the court on motion to dismiss but court excluded such matters from consideration, there was no need to treat motions as motions for summary judgment), *aff'd* 734 F.2d 3 (3d Cir.), *cert. denied*, 469 U.S. 880, 105 S.Ct. 245, 83 L.Ed.2d 183 (1984).

Cir.1992); *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 & n. 38 (5th Cir.1992); *Crawford–El v. Britton*, 951 F.2d 1314, 1317 (D.C.Cir.1991), *cert. denied* — U.S. —, 113 S.Ct. 62, 121 L.Ed.2d 29 (U.S. May 14, 1992) (No. 91–1836); *Branch v. Tunnel*, 937 F.2d 1382, 1386 (9th Cir.1991); *Sawyer v. County of Creek*, 908 F.2d 663, 667 (10th Cir.1990); *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). Under this heightened pleading standard, as it is applied in the Eighth Circuit, damages actions against governmental officials must be pleaded:

> with sufficient precision " 'to put defendants on notice of the nature of the claim and enable them to prepare a response and, where appropriate, a summary judgment motion on qualified immunity grounds.' "

*Brown v. Frey*, 889 F.2d at 170 (quoting *Martin v. Malhoyt*, 830 F.2d 237, 254 (D.C.Cir.1987), quoting *Hobson v. Wilson*, 737 F.2d 1, 29 (D.C.Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985)). *Accord Arnold v. Jones*, 891 F.2d 1370, 1373 n. 3 (8th Cir.1989) (heightened pleading standard requires plaintiff to plead facts with sufficient precision to provide defendants with notice of the substance of the claim and enable them to prepare response or summary judgment motion arguing qualified immunity).[4]

Having carefully reviewed the complaint—and noting that, as discussed below, defendants' motion to make more definite and certain will be granted in part—I deem the complaint sufficient as a whole to put defendants on notice of the nature of the claims alleged and enable them to prepare a response thereto. I shall recommend the motion to dismiss this action be denied.

### Motion to Make More Definite and Certain

Pursuant to Rule 12(e), defendants move that plaintiffs be required to make more definite statements regarding: (1) the "dates and times"[5] of each instance of alleged sexual, physical and emotional abuse; (2) identity of the alleged perpetrator with respect to each instance of abuse; (3) the date or dates upon which defendants knew of the alleged abuse; and (4) the nature of the alleged sexual, physical and emotional abuse, where plaintiffs have failed to so allege. (Filing 9 at 2).

In response, plaintiffs submit that the allegations of the complaint are "sufficiently definite" to apprise defendants of the nature of plaintiffs' cause of action and allow them to frame a responsive pleading. Plaintiffs suggest defendants are improperly requesting that plaintiffs be ordered to plead evidentiary facts more properly obtained through discovery, and argue that such a request:

> is especially pernicious in this particular case [because] plaintiffs are all intellectually disadvantaged and many (if not most) have significant emotional overlay problems. The plaintiffs are unable to communicate and recall evidence in the manner that non-impaired plaintiffs would be. The defendants all engaged in the profession of [caring] for this type of particular individual. To hear them now complaining of the lack of ability of these plaintiffs to set forth dates, times, names and places is reprehensible.

---

**4.** I note that, given the nature of plaintiffs' claims (that they were injured by the general policy or custom of ESU No. 16 school in condoning a pattern of physical, sexual and emotional abuse of students, and that defendants were aware of such abuse occurring at the school yet took no corrective action to stop it), defendants are not likely to assert a qualified immunity defense in this case. Therefore, it appears plaintiffs' need only plead their cause of action with sufficient precision " 'to put defendants on notice of the nature of the claim and

enable them to prepare a response' " thereto. *Brown v. Frey*, 889 F.2d at 170.

**5.** From defendants' use of the word "time" in the motion to make more definite and certain, it appears that defendants are requesting plaintiffs be required to allege the specific time of day each instance of abuse occurred. However, the brief indicates otherwise, and suggests defendants are actually requesting plaintiffs be required to specify the number of times the abuse occurred.

(Plaintiffs' Brief at 4–5). Plaintiffs' argument is well taken.

■ Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail. *See, e.g., Cox v. Maine Maritime Academy,* 122 F.R.D. 115 (D.Me.1988) (motions for more definite statement designed to strike at unintelligibility rather than lack of detail in complaint); *FRA S.p.A. v. Surg–O–Flex of America, Inc.,* 415 F.Supp. 421 (S.D.N.Y. 1976) (12(e) motion should be used to correct unintelligibility in a pleading and not merely claimed lack of detail). *See also* 2A *Moore's Federal Practice* ¶ 12.18[1], 12–130 and cases cited therein. Furthermore, motions to make more definite and certain generally are disfavored in light of liberal discovery available under the federal rules. *See, e.g., Weiszmann v. Kirkland and Ellis,* 732 F.Supp. 1540 (D.Colo.1990) (in light of liberal discovery available to all parties under federal rules, motions under 12(e) discouraged); *Frederick v. Koziol,* 727 F.Supp. 1019 (E.D.Va.1990) (12(e) motion is not favored and ought not be used as a substitute for discovery); *Zamora v. Massey–Ferguson,* 336 F.Supp. 588 (S.D.Iowa 1972) (where matters sought through 12(e) motion are subject to discovery, the discovery rules provide a more satisfactory method of narrowing the issues, and 12(e) motion will not be favored).

Rule 12(e) explicitly provides that a motion for more definite statement is proper only "if a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...." *See also Creedon v. Hempel,* 7 F.R.D. 601 (D.Neb.1947) (information sought by motion to make more definite under Rule 12(e) must be reasonably necessary to enable moving party to prepare responsive pleading); *School District of Kansas City v. State of Missouri,* 460 F.Supp. 421 (W.D.Mo.1978) (claims alleged against particular defendant were sufficiently specific to enable a responsive pleading in the form of a denial or admission). Additionally, even under the heightened pleading standard for § 1983 actions, plaintiffs need only plead with sufficient precision to put defendants on notice of the nature of the claims asserted and enable them to prepare a responsive pleading. *Brown v. Frey,* 889 F.2d at 170.

■ In this instance, I see no reason why defendants would be unable to either admit or deny the allegations of the complaint. Each plaintiff has alleged with sufficient precision the nature of the alleged abuse[6] and the period of time during which such abuse allegedly occurred. The specific dates and times of each alleged instance of abuse are details properly left for discovery, and the motion to make more definite will be denied as to this request. *See Federal Savings and Loan Ins. Corp. v. Musacchio,* 695 F.Supp. 1053 (N.D.Cal. 1988) (proper avenue to elicit evidentiary detail is through discovery, not Rule 12(e) motion); *Nixa v. Hayes,* 55 F.R.D. 40 (E.D.Wis.1972) (it is not a function of 12(e) motion to discover evidence); *State of Tenn ex rel. Davis v. Hartman,* 306 F.Supp. 610 (E.D.Tenn.1969) (if defendant in § 1983 action wished to obtain more detail regarding alleged violation, he could utilize pretrial discovery and was not entitled to have court require plaintiff to make more definite statements in complaint).

■ Moreover, plaintiffs have sufficiently identified—with the exception of plaintiff Kummer—which of the school's employees allegedly abused each plaintiff while they attended ESU No. 16 school.[7] Plaintiff Kummer's failure to identify the

---

**6.** Plaintiffs not only identify the general nature of the alleged abuse in terms of sexual, physical or emotional abuse, but also more specifically describe the nature of the sexual and physical abuse suffered by each plaintiff as well as the emotional harm suffered.

**7.** I note the school employees alleged to have directly abused plaintiffs while they attended the ESU No. 16 school are not named as defendants in this action, and plaintiffs' theory of recovery does not appear to be premised upon pleading or demonstrating each instance of alleged abuse against each school employee. Rather, plaintiffs' right to relief depends upon the ability to demonstrate that each plaintiff was injured by the unconstitutional policy or custom of condoning physical, sexual and emotional abuse of students, and the knowing failure of defendants to remedy the same.

school employees who allegedly abused her appears, from the complaint, to have been an oversight. Therefore, I shall grant, in part, defendants' motion to make more definite with respect to this plaintiff, and shall order that plaintiff Kummer identify those ESU employees alleged to have been involved in the sexual, physical and emotional abuse of Lisa Kummer.

Additionally, with respect to plaintiffs' allegations that defendants were aware of the sexual, physical and emotional abuse occurring at the school yet took no corrective action to stop it, defendants request that plaintiffs be required to allege the specific dates upon which defendants became aware of each such instance of abuse. Again, this sort of detail is more properly left for discovery, and the motion to make more definite will be denied as to this request. *See Federal Savings and Loan Ins. Corp. v. Musacchio, supra; Nixa v. Hayes, supra; Davis v. Hartman, supra.*

*Motion For Judgment on the Pleadings*

Defendants request a judgment on the pleadings pursuant to Rule 12(c), arguing for dismissal of those claims which allege a loss to plaintiffs' parents of services and support as well as medical expenses incurred due to emotional trauma suffered by plaintiffs. In support of this motion, defendants argue that either the plaintiffs are not the parties with the right to bring these claims or such claims are barred by the applicable statute of limitations. Plaintiffs have not responded to these arguments.

■ A motion for judgment on the pleadings may only be filed once the pleadings are "closed." *Fed.R.Civ.P.* 12(c). In this instance, the defendants have not yet answered; therefore, a motion for judgment on the pleadings is premature under the Federal Rules of Civil Procedure. *See Dorgan v. International Harvester Co.,* 585 F.2d 1380 (8th Cir.1978). Rather than recommend denial of the motion as premature, I shall construe the motion as one to dismiss the claims about which defendants complain pursuant to Rule 12(b)(6). *See, e.g., Geltman v. Verity,* 716 F.Supp. 491 (D.Colo.1989) (motion for judgment on the pleadings may not be filed before answer; such a motion filed before the answer may be treated as motion to dismiss) (citing 2A *Moore's Federal Practice* ¶ 12.15).

Defendants first argue that the claims which assert the parents of Joel Geir, Amanda Pestka, Lisa Kummer and Harold Lutkehus have suffered loss of services and incurred medical expenses should be dismissed on grounds the plaintiffs are not entitled to raise such claims and their respective parents are not made parties in this action and cannot assert their claims for relief herein.[8]

■ As defendants point out in their brief, injury to a minor generally results in two distinct causes of action. The minor has a cause of action based upon the personal or bodily injury he or she has sustained, and the parent has a cause of action based upon the loss of services during minority and necessary medical expenses incurred in treating the minor. *See Macku v. Drackett Products Co.,* 216 Neb. 176, 179, 343 N.W.2d 58 (1984) (citing 67A C.J.S. *Parent and Child* § 137 (1978); *Restatement (Second) of Torts,* § 703 (1977)).

■ Upon consideration of this matter, I conclude that the face of the complaint indicates an insuperable bar to relief with

---

**8.** Nor does the complaint indicate these plaintiffs have been assigned such a cause of action by their parents. Conversely, the complaint does indicate, and defendants note, that the parents of Heather Duncan, Kelly Christianson and Thomas Lute have "assigned [to their respective child] in writing all causes of action they may have for medical bills and expenses as a result of this incident." (Filing 1 at 18, 21–22, 25). *See Neb.Rev.Stat.* § 25–302 (Reissue 1989) (assignee of thing in action may maintain an action thereon in his own name). In light of these alleged assignments, it appears the defendants have chosen not to challenge the right of plaintiffs Duncan, Christianson and Lute to assert a cause of action regarding their parents' loss of services and support or their parents' payment of medical expenses. *See* Defendants' Brief at 12 (arguing only that "plaintiff's Geir, Petska, Kummer and Lutkehus have no cause of action for an alleged loss their parents suffered as a result of loss of their services and support or their parents' payment or accrual of medical expenses.").

respect to those claims which assert the parents of plaintiffs Geir, Pestka, Kummer and Lutkehus have suffered loss of services, support and incurred medical expenses. *See Palmer v. Tracor, Inc.*, 856 F.2d at 4 (dismissal under 12(b)(6) is likely to be granted only in the unusual case where a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief) (citing *Fusco v. Xerox Corp.*, 676 F.2d at 334, and quoting *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979)). The complaint does not indicate that plaintiffs Geir, Pestka, Kummer and Lutkehus are entitled to assert the claims of their parents, and the respective parents are not parties to this action. Accordingly, I shall recommend that those claims which assert the parents of plaintiffs Geir, Pestka, Kummer and Lutkehus have suffered loss of services, support and incurred medical expenses be dismissed.

■ Additionally, defendants suggest that the claims for the parents' loss of services, support and medical expenses are time barred, with the exception of those claims presented by plaintiff Lutkehus.[9] Specifically, defendants argue that:

> [O]n the face of the Complaint, all of the plaintiffs (with the exception of Harold Lutkehus), left ESU No. 16 School in September of 1987 [and so] all causes of action with the exception of Harold Lutkehus's parents were barred on October 1, 1991.

(Defendants' Brief at 12).

First, I note that defendants' rendition of the allegations presented in the complaint is inaccurate. The complaint indicates that plaintiff Lute attended the ESU No. 16 school until September, 1984; plaintiff Duncan attended the school until July, 1985; plaintiffs Gier, Petska and Kummer attended until September, 1987; plaintiff Christianson attended until an unidentified date in 1988; and plaintiff Lutkehus attended until April, 1988.

■ Moreover, even having clarified the dates upon which the various plaintiffs left ESU No. 16 school, I cannot, without more, accept these dates as the dates upon which the parents' causes of action for loss of services and medical expenses accrued. It is not alleged, for example, when the respective parents became, or should have become, aware of the alleged abuse, nor does the complaint indicate when the parents began to incur medical expenses for their children as a result of the abuse. Because I am unable to conclude that the parents' causes of action for loss of services and medical expenses accrued on the dates the various plaintiffs left ESU No. 16 school, I shall recommend defendants' motion to dismiss the parents' claims as time barred be denied at this time.

### *Motion to Strike*

■ Defendants request that all allegations claiming a loss to plaintiffs' parents of services, support and medical expenses be stricken on grounds that: "Plaintiffs are not the parties entitled to same, and/or on the face of the Complaint such claims are barred by the applicable statute of limitations and therefore [are] immaterial." (Filing 9 at 2). Plaintiffs have not responded to this argument.

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may order stricken from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In this instance, defendants make the same arguments in support of their motion to strike as made in support of the motion for judgment on the pleadings, construed herein as a motion to dismiss. As it appears the requested relief (the striking of certain claims for relief in their entirety) is more appropriately pre-

---

9. The applicable statute of limitations for this § 1983 action is four years. *See Wilson v. Garcia*, 471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985) (statute of limitations for § 1983 actions is the state statute of limita-

tions for personal injury actions); *Epp v. Gunter*, 677 F.Supp. 1415 (D.Neb.1988) (Nebraska's four year statute of limitations for personal injuries is applicable to § 1983 civil rights action).

sented to the court in a motion to dismiss,[10] and was in fact presented as such, I shall deny the motion to strike.[11]

### Motion to Sever

Defendants move that this action be severed, suggesting plaintiffs' complaint fails to satisfy the joinder requirements of Rule 20 because all seven plaintiffs did not attend E.S.U. No. 16 school at the same time; the alleged physical, sexual and emotional assaults did not occur on the same dates; and all seven plaintiffs do not allege they were assaulted by the same employees. I shall deny this motion.

Regarding permissive joinder of parties, the Federal Rules of Civil Procedure provide:

> all persons may join in one action as plaintiffs if they assert any right to relief ... arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

*Fed.R.Civ.P.* 20(a). As the Eighth Circuit has explained:

> The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. [citation omitted] Single trials generally tend to lessen the delay, expense and inconvenience to all concerned.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974) (citing 7 C.

Wright, *Federal Practice and Procedure* 1652 at 265 (1972)). The United States Supreme Court has instructed that "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

The Eighth Circuit Court of Appeals has provided the following guidance regarding permissive joinder under Rule 20:

> In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. [citation omitted] No hard and fast rules have been established under the Rule.... 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. [citation omitted] Accordingly, all 'logically related' events entitling a person to institute legal action against another generally are regarded as comprising a transaction or occurrence.... Absolute identity of all events is unnecessary.

*Mosley v. General Motors Corp.*, 497 F.2d at 1333.

■ In this instance, although the each of the seven plaintiffs may not have attend-

---

**10.** In this instance, defendants are not seeking to have the allegations regarding loss of services and medical expenses stricken on grounds they represent an *insufficient defense; nor do* defendants suggest the allegations are redundant, impertinent or scandalous. Rather, defendants suggest the allegations should be stricken either because certain plaintiffs are not entitled to assert their parents' claims, or because certain of the parents' claims are allegedly barred by the statute of limitations. Defendants suggest that such deficiencies make the complained-of allegations "immaterial" and request the allegations be stricken.

Defendants' loose characterization of these allegations as "immaterial" appears inappropriate. Defendants actually challenge the allegations on grounds that certain plaintiffs lack standing to assert their parents' claims and certain of the

parents' claims are time barred; these are not grounds for granting a motion to strike under Rule 12(f), and I decline to adopt such a broad definition of "immaterial." *See* 2A *Moore's Federal Practice* ¶ 12.21[1] (while provision in 12(f) regarding "immaterial" matter is likely covered by the words "redundant" and "impertinent", the addition of the word "immaterial" gives court power to strike from pleadings "any matter not having much value in developing the issues of the case.").

**11.** Furthermore, although I shall recommend granting defendants' motion to dismiss the claims for loss of services, support and medical expenses asserted by the parents of plaintiffs Geir, Pestka, Kummer and Lutkehus, I think it premature to strike such claims from the complaint before the trial judge has an opportunity to consider my recommendation.

ed the school simultaneously or alleged assaults by the same school employees on the same dates, they nonetheless each assert a right to relief arising out of the same "series of transactions or occurrences." Specifically, each plaintiff has alleged they were injured by the same general policy or custom of ESU No. 16 school in condoning a pattern of physical, sexual and emotional abuse of students, and each plaintiff has alleged the defendants were aware of the physical, sexual and emotional assaults occurring at the school yet took no corrective action to stop the pattern of abuse. Thus, because plaintiffs each assert a right to relief arising out of the same series of transactions or occurrences, they meet the first requisite of joinder under Rule 20(a). *See Mosley v. General Motors Corporation,* 497 F.2d 1330 (joinder proper when each of ten plaintiffs asserted a right to relief arising out of the same transaction or occurrence by alleging they had been injured by the same general policy of racial discrimination on part of defendants; absolute identity of all events was not necessary).

■ Additionally, there is "a question of law or fact common to all" of the plaintiffs. Although the alleged abuse may have taken different forms for different plaintiffs, questions concerning the existence of a policy of condoning such a pattern of abuse, and questions regarding whether defendants knowingly failed to take corrective action in the face of such abuse, present questions of fact common to all plaintiffs. Plaintiffs' right to relief depends upon the ability to demonstrate that each plaintiff was injured by an unconstitutional policy or custom of condoning physical, sexual and emotional abuse, and the knowing or deliberate failure to remedy the same.[12] Because there is a question of law or fact common to all plaintiffs, I conclude the second requisite for joinder under Rule 20 is met.

12. Plaintiffs argue they:
  are alleging a series of transactions and occurrences which form a common pattern and which go to show the manifest indifference to the plaintiffs' rights evidenced by the governmental defendants. In fact, evidence relating

Having concluded that plaintiffs satisfy the requirements of Rule 20(a) and should be permitted to proceed jointly in this matter, I shall deny defendants' motion for severance.

### Filing 70

■ Defendants have moved for an order permitting access to certain records maintained by the Nebraska Department of Social Services. (Filing 70). Specifically, defendants request access to any records of the seven named plaintiffs and their siblings relating to abuse, neglect or the need for supervision. Their request to compel discovery of these documents is premature at this time.

Those who are not parties to an action "may be compelled to produce documents and things or submit to an inspection as provided in Rule 45." *Fed.R.Civ.P.* 34(c). As there is no indication defendants have requested or attempted to serve such a subpoena on the holders of the records in this instance, the motion for an order compelling such production is premature and must be denied. *See also* Local Rule 20I (court shall refuse to consider any motion relating to production of documents unless moving counsel, as part of the motion, makes written showing of sincere attempts to resolve discovery matters).

IT THEREFORE HEREBY IS ORDERED:

1. Defendants' motion to make more definite and certain (filing 9) is granted in part and plaintiff Kummer shall identify those employees of ESU No. 16 school alleged to have been involved in the sexual, physical and emotional abuse of Lisa Kummer. The motion to make more definite and certain is denied in all other respects.

2. Defendants' motion to strike (filing 9) is denied.

3. Defendants' motion to sever (filing 9) is denied.

  to any one of these plaintiffs will be introduced at trial as to the other plaintiffs to show a pattern of intentional indifference to the rights of each and every plaintiff.
  (Plaintiffs' Brief at 20).

4. Defendants' motion to compel production of documents (filing 70) is denied.

5. Plaintiffs' motion to quash (filing 30) is denied as moot.

FURTHER, IT THEREFORE HEREBY IS RECOMMENDED pursuant to 28 U.S.C. § 636(b)(1)(B):

1. Defendants' motion to dismiss this action in its entirety (filing 9) be denied.

2. Defendants' motion for judgment on the pleadings (filing 9), construed herein as a motion to dismiss, be granted in part and those claims which assert the parents of plaintiffs Geir, Pestka, Kummer and Lutkehus have suffered loss of services, support and incurred medical expenses be dismissed. I recommend the motion be denied in all other respects.

The defendants are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated September 22, 1992.