**Joan EISENACH, Plaintiff,**

v.

**MILLER–DWAN MEDICAL CENTER, Defendant.**

Civ. No. 5–95–98.

United States District Court,
D. Minnesota,
Fifth Division.

July 6, 1995.

---

James Courtney, III, Duluth, MN, for plaintiff.

Thomas F. Andrew, Duluth, MN, for defendant.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion for a More Definite Statement.

A Hearing on the Motion was conducted on July 6, 1995, at which time the Plaintiff appeared by James Courtney, III, Esq., and the Defendant appeared by Thomas F. Andrew, Esq.

For reasons which follow, we grant the Motion and direct the Plaintiff to serve and file an Amended Complaint, which fully complies with the pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, within 10 days of the date of this Order.

### II. *Discussion*

On June 12, 1995, the Plaintiff filed her Complaint which charged the Defendant with having violated the provisions of the Americans with Disabilities Act of 1990 ("ADA"), Title 42 U.S.C. § 12101 *et seq.*, and the provisions of Minnesota Statutes Section 176.82, which authorize an action for civil damages against one who intentionally obstructs an employee who seeks workers' compensation benefits.

As to the ADA claim, the Plaintiff's Complaint alleges that the "defendant has engaged in unlawful employment practices in violation of the ADA." The Complaint does not state the bases for this conclusion, nor does it identify the Plaintiff's asserted disability, the employment action or actions which transgressed the ADA, or when those

**348**

employment activities occurred.[1] As to her claim under Minnesota statutory law, the Plaintiff's Complaint is equally oblique in solely asserting that the "defendant intentionally obstructed plaintiff from obtaining workers' compensation benefits."

Arguing that the vacuity of the allegations in the Plaintiff's Complaint precluded its ability to competently respond by way of an Answer or a Motion to Dismiss, the Defendant has moved for a more definite statement, as is authorized by Rule 12(e), Federal Rules of Civil Procedure.[2] As related by the Defendant, the Plaintiff should be held to detail why she is a "qualified individual with a disability"; what her disability is and "how it substantially limits her in one or more major life activities;" what job she claims to have been denied; what "reasonable accommodations," if any, would be required to permit her to perform the essential functions of any pertinent work position; what action was taken by the Defendant that constituted impermissible disability discrimination; and, what actions of the Defendant constituted an intentional obstruction of the Plaintiff's claim for workers' compensation benefits. In response, the Plaintiff emphasizes that the details, which the Defendant presently requests, are fully discoverable, and that the Defendant's Motion should be denied in light of the Defendant's opportunity to discover. We disagree.

■ To be sure, the Motion for a More Definite Statement is disfavored and understandably so. See, e.g., *Geir v. Educational Service Unit No. 16*, 144 F.R.D. 680, 685 (D.Neb.1992), and cases cited therein. Ordinarily, under the rubric of notice pleading, discovery obviates an extended elaboration of the Plaintiff's claim since, in many practical respects, discovery can be more efficient than expansive pleading in expediting the pretrial processing of an action. See, *5A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1376*, at p. 585 ("Since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden on unearthing the underlying factual details on the discovery process, courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue."). There must, however, be an adherence to the requisites of notice pleading, as they are formulated in Rule 8(a), Federal Rules of Civil Procedure, if the exercise of pleading is to serve a meaningful purpose.

■ Here, there can be no serious contention that the Plaintiff has failed to disclose the jurisdictional bases for her claim or the nature of the relief that she hopes to secure. Rather, the Defendant limits its protest to the obscurity of the Plaintiff's description of any purportedly offensive conduct. We agree with the Defendant that the Plaintiff's allegations of wrongdoing do not satisfy the minimal requisites of Rule 8(a)(2), which provides as follows:

A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.

[Emphasis supplied].

Had they chosen to do so, the drafters of Rule 8(a)(2) could have limited the Plaintiff's explication of her entitlement to relief to the provision of no more than a conclusory accusation but, instead, the framers of the Rule required a "showing"—that is, "a presentation of evidence, facts or figures." *The American Heritage Dictionary of the En-*

---

1. Again in a conclusory tone, the Plaintiff's Complaint does assert that the employment decisions of the Defendant were "intentional," and were performed "with reckless indifference to the federally protected rights of the plaintiff."

2. Rule 12(e) provides as follows:
 If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

glish Language (3rd Ed.1992), at p. 1672. No such showing has been made by the Plaintiff here.

Therefore, we conclude that the Plaintiff must be held to comply with the "short and plain" demands that are imposed by Rule 8(a)(2). While we recognize those authorities which hold that "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail," on occasion, the two concepts coalesce—a circumstance that we find to be extant here. See, *Resolution Trust Corp. v. Gershman,* 829 F.Supp. 1095, 1103 (E.D.Mo.1993); *Geir v. Educational Service Unit No. 16,* supra at 685.

Were we to relegate the acceptable norms of pleading to the province of discovery, we would be abandoning our obligation, and the litigants' obligation, to expedite the disposition of the action through the discouragement of wasteful pretrial activities as is contemplated by Rule 16(a) and (c), Federal Rules of Civil Procedure. Lastly, we would merely observe that any current view that the deficiencies in pleading may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules. See, *Rules 26(b)(2) and (f)(3), 30(a)(2)(A) and (B), Rule 33(a), Federal Rules of Civil Procedure.* To abdicate competent pleading in deference to amplified discovery does a distinct injustice to our responsibility, under Rule 1, Federal Rules of Civil Procedure, to "administer" our procedures so as "to secure the just, speedy, and inexpensive determination of every action."

Accordingly, we direct that the Plaintiff serve and file an Amended Complaint that, in addition to the other requirements of Rule 8(a), shall contain a short and plain state-ment of each of her claims, showing that she is entitled to relief.[3]

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion for a More Definite Statement [Docket No. 3] is GRANTED.

2. That, within 10 days of the date of this Order, the Plaintiff shall serve and file an Amended Complaint that fully complies with the pleading requisites of Rule 8(a), Federal Rules of Civil Procedure.

---

3. We think that, under the circumstances here, a "short and plain statement" should include the Plaintiff's claimed disability, the actions of the Defendant which impermissibly discriminated against the Plaintiff's disability, the occasion or occasions on which the purported discrimination occurred, the injury, if any, that the Plaintiff suffered as a result of the claimed discriminatory conduct, and the means, manner and timing of the Defendant's purported violation of Minnesota Statutes Section 176.82. In our considered view, without such a showing, the Defendant "cannot reasonably be required to frame a responsive pleading," including an assertion of its threshold defenses, if any there be. *Rule 12(e), Federal Rules of Civil Procedure.*