**Robert YOUNG, Plaintiff,**

v.

**WARNER–JENKINSON COMPANY, INC., Defendant.**

**No. 4:96 CV 1890 DDN.**

United States District Court, E.D. Missouri, Eastern Division.

Dec. 16, 1996.

Kenneth E. Fleischmann, Robert J. Radice, Cockriel and Horas, St. Louis, MO, for plaintiff.

James N. Foster, Jr., Partner, Stephen B. Maule, McMahon and Berger, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

NOCE, United States Magistrate Judge.

This matter is before the court on defendant's motion for a more definite statement (Doc. No. 6) with regard to paragraph nine (9) of plaintiff's complaint. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge. 28 U.S.C. § 636(c).

Plaintiff Robert Young commenced this action alleging employment discrimination on the basis of race and disability, in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981; the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq.; and Mo.Rev.Stat. § 287.780, discrimination for exercising his rights under the Missouri workers' compensation laws.

Defendant Warner–Jenkinson Company, Inc., moves for a more definite statement under Federal Rule of Civil Procedure 12(e) [1], arguing that the lack of specificity in plaintiff's complaint makes the drafting of a responsive pleading impossible.

■ Motions for more definite statement are generally disfavored. *Resolution Trust Corp. v. Fiala,* 870 F.Supp. 962, 977 (E.D.Mo.1994); *Thrasher v. Missouri State Highway Commission,* 534 F.Supp. 103, 106 (E.D.Mo.1981), *aff'd,* 691 F.2d 504 (8th Cir. 1982), *cert. denied,* 460 U.S. 1043, 103 S.Ct.

---

1. Rule 12(e) provides in part:
   If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

1440, 75 L.Ed.2d 797 *reh'g denied,* 461 U.S. 920, 103 S.Ct. 1904, 77 L.Ed.2d 291 (1983), and they are not designed to remedy alleged lack of detail but to serve as a means to remedy unintelligible pleadings. *Resolution Trust,* 870 F.Supp. at 977.

■ Generally, Federal Rule of Civil Procedure 8(a)(2) [2] requires more than a conclusory statement of entitlement to relief. Regarding claims brought under the ADA, Rule 8(a)(2) requires a statement of the nature of the plaintiff's claimed disability, the actions by defendant which amount to the impermissible discrimination, the occasions of the discrimination, and the injury that occurred. *Eisenach v. Miller–Dwan Medical Center,* 162 F.R.D. 346, 349 n. 3 (D.Minn. 1995); *Breeden v. Enterprise Leasing Co.,* No. 4:95–CV–1821 CAS, 1995 WL 781700, at *2 (E.D.Mo. Dec. 28, 1995). However, if the complaint meets the Rule 8(a)(2) requirements and gives fair notice to the opposing party in order that it may fashion a responsive pleading, a motion for a more definite statement will be denied. *See Roberts v. Walmart Stores, Inc.,* 736 F.Supp. 1527, 1530 (E.D.Mo.1990).

■ Defendant seeks a more definite statement of ¶ 9 of plaintiff's complaint. Paragraph 9 states in relevant part:

> That after Plaintiff's return to work on or about October 31, 1994, Plaintiff was discriminated against because of his physical disabilities, and/or because of his race, by being passed up for numerous openings for "full-time" positions for which Plaintiff was qualified and had applied.

Defendant argues that ¶ 9 is too vague in that it is impossible to draft a responsive pleading without first being made aware of the nature of the positions plaintiff had applied for and was denied. Plaintiff contends to the contrary that defendant is in a better position to know the titles and exact dates plaintiff applied for those openings as well as the circumstances surrounding their denial.[3]

The court agrees that plaintiff's ¶ 9 allegation that he applied for numerous full-time positions which were unlawfully denied him must be made more definite by a more specific description of the nature of the employment positions sought and when they were unlawfully denied to plaintiff. Plaintiff shall identify the positions for which he applied with as much detail as he is able to allege.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for more definite statement (Doc. No. 6) is sustained. Plaintiff shall, within twenty days, file a more definite statement of ¶ 9 of the complaint by describing the nature of the employment positions for which plaintiff applied and when these positions were denied him.

---

**2.** Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

**3.** Both parties refer to positions that may have opened up which plaintiff did not know about and did not apply for. Plaintiff's complaint refers only to positions applied for and denied.